**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIANE LARKIN,

    Plaintiff,

vs.

                        CASE NO. 3:07-cv-01208-J-32TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security, et al.,

    Defendants.
_____

**O R D E R**

This case is before the Court on Plaintiff's [Amended] Affidavit of Indigency (Doc. #10), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

The Court may allow a plaintiff to proceed without the prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff has provided an affidavit showing that he meets the financial criteria which would entitle a plaintiff to be eligible to proceed *in forma pauperis*.

The Court reminds Plaintiff that a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Subsequent to the issuance of this Order, the Court will issue an Order to Plaintiff that spells out some, but not all, of Plaintiff's obligations as a *pro se* litigant. Plaintiff may wish to obtain a copy of the Court's Local

Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses or at the website www.uscourts.gov/rules.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's [Amended] Affidavit of Indigency (Doc. #10), which the Court construes as a motion for leave to proceed *in forma pauperis*, is **GRANTED**.

2. The Clerk of the Court shall send Plaintiff blank Summonses to be completed and returned to the Clerk's Office **for service by the United States Marshal**.

3. Plaintiff shall return the appropriate number of copies of the complaint to the Clerk so that the complaint may be served with the Summons upon each named defendant. **Plaintiff should be aware of Rule 4(m), Federal Rules of Civil Procedure**, which relates to the service of process:

   > **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiff is informed failure to timely or otherwise properly perfect service may, under some circumstances, result in the dismissal of the action in its entirety as to the defendant(s) not properly served.

**DONE AND ORDERED** at Jacksonville, Florida this  5th   day of May, 2008.

Copies to all counsel of record
and *pro se* plaintiff

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge